*Thursday, March 5, 1992*
## MERIT DOCKET

92–355. [State, ex rel.] Walton, v. Walker. In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for a writ of mandamus and prohibition and was considered in a manner prescribed by law. Upon consideration of respondents' motion to dismiss,

IT IS ORDERED by the court that said motion to dismiss be, and the same is hereby, sustained, effective March 4, 1992.

IT IS FURTHER ORDERED by the court that this cause be, and the same is hereby, dismissed.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

92–438. State, ex rel. Thrower, v. Bond. In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for a writ of mandamus and prohibition and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court that said writ of mandamus and prohibition be, and the same is hereby, denied, effective March 4, 1992.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., dissents.


## MOTION DOCKET

92–309. Oregon v. Ohio Hazardous Waste Bd. *Franklin County*, No. 91AP–813. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Franklin County to certify its record and as a claimed appeal as of right from said court. Upon consideration of appellant's motion for stay,

IT IS ORDERED by the court that said motion for stay be, and the same is hereby, denied, effective March 4, 1992.

RESNICK, J., dissents.

DOUGLAS, J., not participating.

92–389. State, ex rel. Gouge, v. Stuard. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's motion for an alternative writ,

IT IS ORDERED by the court that an alternative writ of mandamus be, and the same is hereby, granted, effective March 4, 1992.

IT IS FURTHER ORDERED by the court that respondents show cause on or before March 24, 1992, why the writ of mandamus should not be granted.

SWEENEY and H. BROWN, JJ., dissent.


## MISCELLANEOUS DISMISSALS

91–2180. State v. Easter. *Ross County*, Nos. 1659 and 1687. This cause, here on certification of conflict by the Court of Appeals for Ross County, was considered in the manner prescribed by law. It appears from the records of this court that appellants have failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective March 3, 1992.

92–326. Price v. Newbury Local School Dist. Bd. of Edn. *Geauga County*, No. 91–G–1626. Cause dismissed, on appellant's application for dismissal, effective March 3, 1992.